# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 112
### MURRAY v. BROWN-GRAVES CO.
Summit County Appeals
No. 589. Dec. 4, 1922.

CONSTRUCTION OF CONTRACT—(1) Determination of an oral contract is a question of fact for the jury.

This opinion has not been published elsewhere.

PARDEE, J.

Murray entered into a contract, partly written and partly oral, to tear down a certain number of kilns and stacks, the parties differing as to the exact number. Murray was paid for the work which he did, but sued for breach of contract alleging that he had been employed to tear down a greater number of kilns. Murray complains that the lower court did not separate the questions of fact from those of law, in its charge to the jury, but passed to it both questions.

1. Determination of an oral contract must be made by oral testimony, and is a question of fact solely for the jury. There is no question of interpretation of contract.

Attorneys—Burch, Bacon & Denlinger, for Murray. Carl M. Myers, for Brown-Graves Co.

### No. 113
### STATE ex rel. v. CAMPBELL
Summit County Appeals
No. 657. Nov. 24, 1922.

CIVIL SERVICE LAWS—(1) Civil service provisions of a city charter apply rather than general laws of the state—(2) Dismissal of an employe who can be dispensed with is promoting efficiency of service and not reviewable.

This opinion has not been published elsewhere.

WASHBURN, P. J.

#### Epitomized Opinion

Alice Campbell, employed in the department of public charities of Akron, was dismissed because of retrenchment in all city departments. The general civil service laws of the state requiring filing of charges were not complied with, the dismissal being made by the city administrator. Mrs. Campbell brings action in mandamus to compel her reinstatement and the question arises as to whether the general state civil service laws shall be applied, or those of the Akron charter, which are not the same. The charter was adopted under the state constitution and provides for dismissal of any employe "for any cause which will promote the efficiency of the service."

1. When there is a conflict between the general civil service laws of the state and the provisions of a city charter adopted by authority of the state constitution, the provisions of the charter will govern.

2. When an employe of a city department is dismissed and the remaining employes discharge her duties competently, the dismissal of the said employe is "promoting the efficiency of the service," and the chief administrator's action cannot be reviewed by the city civil service commission.

Attorneys—Lloyd R. Read, for state; H. M. Hagelbarger, for Campbell.

### No. 114
### AUTO TRUCK CO. v. WAKEMAN
Ohio Court of Appeals, Summit County
No. 699. Nov. 29, 1922

AUTOMOBILES—(1) Attachment — Intervention by a stranger to the suit—(2) Failure of vendor to comply with Pennsylvania statute did not void the sale.

This opinion has not been published elsewhere.

PARDEE, J.

#### Epitomized Opinion

The Auto Co. filed its petition in the lower court asking for a judgment against the defendant on a Pennsylvania judgment, and at the same time filed an affidavit for attachment and levied upon a truck which it claimed the defendant owned. His father, who was not a party to the suit, filed his motion in the case claiming he was its owner and asked that the attachment be discharged and the truck returned. The trial court dissolved the attachment and ordered a release of the truck. Error is prosecuted to reverse this judgment. Held:

1. The trial court was right, under 11370 GC., in entertaining the motion of the father and hearing the evidence thereon, he not being a party to the suit, who had the right to elect to proceed as he did, or under 11858 and 11741 GC.

2. While the vendors of the truck to the father did not comply with the law of Pennsylvania regulating the sale of second-hand motor vehicles, and may have committed a misdemeanor, the sale was not void, and whatever title they may have had in the truck was conveyed to the father.

Attorneys—Jonathan Taylor, for Auto Co.; Robert C. Ryder and Edwin F. Voris, for Wakeman.

### No. 115
### DORRIS v. HIGH GROVE PARK LAND CO.
Ohio Court of Appeals, Summit County
No. 727. Oct. 17, 1922

ATTACHMENT—(1) Damages for breach of contract and payment for partial performance, not "work and labor," as provided in statute.

This opinion has not been published elsewhere.

Per Curiam:

#### Epitomized Opinion

Dorris entered into a written contract with the Land Co. whereby he agreed to grade and move certain earth and material from a lot belonging to the Land Co., in accordance with specifications prepared by certain engineers. A price per cubic yard was agreed upon, payment to be made in installments equal to 90 per cent of the estimates of the engineers and the balance after the completion of the work. Dorris performed the contract up to a certain date and was paid $38,000 on estimates, when the Land Co. refused to permit him to continue.

Dorris filed a mechanics lien on the premises and brought action to recover the balance due him, damages for loss of profit by the breach of contract and foreclosure of the mechanics lien. He obtained an attachment on funds of the Land Co. in the bank on the ground that his claim was for work and labor.

1. The claim of a contractor for damages for breach of contract and payment for partial performance is not a claim for "work and labor" within the meaning of Section 11819 GC., and cannot be the sole ground of an attachment.

Attorneys—Herberich, Burroughs and Bailey, for Dorris; May, Zesiger & May, for the Land Co.