# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 495
### FIDERIUS v. BUCHAN CO.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5176. March 10, 1924

112. ATTACHMENT—Services performed by the superintendent of a company are not work and labor within the meaning of 11819 GC.

LEVINE, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Municipal Court of Cleveland wherein Leonard A. Fiderius was plaintiff and the Buchan Electric Co. was defendant. An attachment proceeding was brought in the action based on the ground of work and labor performed by plaintiffs for defendant. The services performed by plaintiff were as superintendent of defendant company and his duties consisted of having full charge of hiring and discharging men, of estimating contracts, adjusting disputes and the carrying on of correspondence. He also had charge of supervising the installation of work of purchasing materials. On motion of defendant, the trial court dissolved the attachment. Fiderius thereupon prosecuted error. Held:

To be properly classed as a workman or laborer implies the relationship of employer and employe or that of master and servant. Fiderius was not merely acting for the corporation, but he was acting in the place of the corporation and was not subject to the control or orders of anyone. 11819 GC. was enacted for the benefit of workmen or laborers who are subject to the orders of others placed over them. Fiderius did not fall in that category. The judgment of the trial court was correct and is affirmed.

Attorneys—Arthur P. Gustafson, for Fiderius; S. M. Parks, for Buchan Co.; both of Cleveland.

No. 496
### DAVIES v. ROSE & JOHNSON CO.
Ohio Appeals, 7th Dist., Mahoning County
March 28, 1924

209. CARRIERS—Railroad Co. held liable as common carrier even after consignee had unloaded part of goods and had placed a lock on the car.

POLLOCK, J.
### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Municipal Court, wherein the Rose & Johnson Co. was plaintiff and the Pennsylvania Railroad Co. and James C. Davis were defendants. The case was appealed to the Common Pleas, where a jury was waived and on submission to the court of an agreed statement of facts judgment was rendered for the Rose & Johnson Co.

A car load of sugar consigned to the Rose & Johnson Co. was placed upon a side track of the Railroad Co. on the morning of Feb. 23. The Rose and Johnson Co. was notified of its arrival and on that day began unloading the sugar, but being unable to complete the unloading that night, placed a padlock of its own on the door. During the night the car was broken into and the sugar stolen, for the value of which this judgment was rendered in favor of the Rose & Johnson Co. The railroad prosecuted error. Held:

The question is whether there was a delivery of the sugar to the Rose & Johnson Co. that relieved the Railroad Co. from the liability of a common carrier. The bill of lading provided that property not removed within forty-eight hours after notice given of its arrival should remain in the Railroad's possession subject to charge for storage and to carrier's responsibility as warehouseman only.

This clause of the bill of lading was constructed by the U. S. Supreme Court in 256 US. 427, to the effect that the placing of a car upon a siding to be unloaded does not constitute a delivery, notwithstanding the consignee opens the door and commences to unload within the 48 hours period. This court holds that the placing of a lock on the door of the car by the Rose & Johnson Co. does not distinguish this case. It might have been an act of negligence to have omitted that precaution. The liability of the Railroad Co. as a common carried continued for the 48 hour period. Judgment of the Common Pleas affirmed.

Attorneys—Harrington, DeFord, Huxley & Smith, for Railroad Co.; McKain & Ohl, for Rose & Johnson Co.; all of Youngstown.