### GAGLIARDI v PIRRONE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9736. Decided Mar 4, 1929

Rodway & Ferris, Cleveland, for Gagliardi.
Albert G Levine, Cleveland, for Pirrone.

LEVINE, J.

We are not called upon at this time to inquire into the causes of action set forth in the plaintiff's statement of claim. The action is still pending in the Municipal Court and we are limited solely to the question of whether the Municipal Court committed error in granting defendants' motion to dissolve the attachment.

Generally speaking, the term "work and labor" may comprehend all labor whether physical or mental, but in a legal sense the term is understood in the popular sense which refers solely to bodily labor or that in which such labor is the principal ingredient. An acrobat who gives exhibitions at a theater exerts physical strength but in a popular or legal sense his work is not denominated as work and labor. The work which Paul Pirrone was engaged in, namely, the giving of boxing exhibitions, involved great physical exertion but such work of giving boxing exhibitions cannot be characterized in a legal sense as "work and labor" within the meaning of the statute. If the contention of the plaintiff were correct it would follow that a boxer or prize fighter who hires out to another to give exhibitions for a stated sum of money to be paid to him, is to be regarded as a laborer. Without citing any authorities but keeping in mind the legislative intent, it is quite clear that what the legislature intended was to protect those engaged in manual labor by allowing an attachment in favor of the laboring man so as to make effective a judgment rendered in his favor.

If it be conceded that Paul Pirrone, who engaged in giving boxing exhibitions, is not to be regarded as doing work and labor within the meaning of the statue, his trainer is certainly not in a better position than would be Paul Pirrone himself. The giving of boxing exhibitions is popularly regarded as a profession though it involves great physical exertion. The plaintiff undertook to train Paul Pirrone for these boxing exhibitions and also to secure engagements for him. This work on the part of plaintiff was nothing more or less than to prepare Paul Pirrone for the pursuit of his profession of boxing, and while it involves physical exertion on the part of the plaintiff, it is not in a popular or legal sense to be regarded as work and labor, but instead, as a species of professional services. The fistic art does, of course, depend upon the proper use of the arm, but it is not for that reason to be regarded as manual labor so as to bring it within the provisions of the Code.

We hold, therefore, that the court was correct in granting defendants' motion to dissolve the attachment. The judgment of the Municipal Court is therefore affirmed.

Vickery, PJ and Sullivan, J, concur.