## NORTHERN OHIO PRINTING CO. v. INVESTMENT SERVICE INC.

Ohio Appeals, 9th Dist., Summit Co.
No. 1719.  Decided June 5, 1930

Schwab & Heiser, Akron, for Printing Co.
Jonathan Taylor, Akron, for Service Co.

PER CURIAM.

Was the claim sued on one for work within the meaning of **11819 GC?**

It is apparent that the service to be performed by the defendant in error involved skill and judgment and was to be paid for on the basis of professional services, rather than ordinary work, and that while the claim upon which suit was brought included work performed by the defendant in error, it included something besides work, as that term is ordinarily understood.

In a sense, work is involved in and is a part of almost all service rendered by a person, natural or artificial, for another. A lawyer who drafts a pleading, a physician who visits a patient or writes a prescription, an electric company which furnishes electricity, an architect who superintends the construction of a building,— these all "work," as does a salesman who sells property; and in fact, in a broad sense, all physcial or mental exertions for the attainment of any object, other than recreation or amusement, is "work."

If we consider the word "work" in the broad sense indicated, then in practically all cases where a person, natural or artificial, is hired, either expressly or impliedly, to render service for another, the claim therefor is at least to some extent for work; but we do not think that the legislature, in providing by **11819 GC.** that an attachment can be issued on a "claim for work," intended to authorize an attachment in all such cases where work to some extent was involved, but rather that the legislature intended that the claim for which an attachment can issue on the ground that it is for work, is confined to a claim that is entirely for work; if the claim is partially for work and partially for materials, there can be no attachment except upon some ground other than that it is a claim for work.

**West Side Motor Co. v. Politz Bros., 27 Oh. Ap. 116.**

If an attachment can issue for a claim only a part of which is for work, no satisfactory line of demarcation can be drawn by which an attachment may be denied, even though but a very small part of the claim is for work. We do not think that the legislature intended that, as a ground for attachment, a claim should be considered a claim for work if any part of it was for something else than work.

In the case at bar it is evident that the claim of the defendant in error is not wholly and entirely for work, and that therefore the motion to discharge the attachment should have been sustained. For error in overruling such motion, the judgment is reversed and the cause remanded, with instructions to the trial court to sustain said motion and discharge said attachment.

FUNK, P.J., PARDEE, J., and WASHBURN, J., concur.