## HENRY, Plaintiff-Appellee, v MANGOLD, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1947. Decided December 16, 1947.

Messrs. Pickrel, Schaeffer & Ebeling, Dayton, for plaintiff-appellee.

Irvin Carl Delscamp, Dayton, for defendant-appellant.

## OPINION

By THE COURT:

This is a law appeal from an order of the Court of Common Pleas of Montgomery County, Ohio, denying a motion to dissolve an attachment for the alleged reason that the facts stated in the affidavit for an attachment were not true. The ground stated in the affidavit was that the claim was one for "work" as provided by §11819 GC, Section II. The evidence introduced, which consisted of two affidavits and oral testimony, showed that the plaintiff was employed by the defendant as a tool designer or designing engineer for tools and other products. Plaintiff stated that he was not a professional engineer although the work required a high degree of skill, training and experience; that it involved the detailed drafting of plans for the manufacture of tools designed to produce parts for certain products. In addition to the designing of tools the plaintiff checked and inspected the work done by the toolmakers in carrying out his designs to see that the work was correct before it left the defendant's shop.

It is the contention of the appellant that the services performed by the appellee did not constitute "work" within the meaning of §11819 GC, but that the services performed were of a professional, skilled engineering nature and cannot be designated as "work" or "labor." The trial Court properly held that the language used by the statute is reasonably susceptible of the interpretation that the word "work" is used in a broader, more comprehensive sense than the word "labor", inasmuch as the word "or" separates the two words, indicating that if services rendered fall within the meaning of either, that an attachment may be had if the other requisites of a valid attachment are present. Judge Martin in a lengthy and well considered opinion discusses the reported Ohio cases as well as many other states. We are in full accord with his legal conclusions therein expressed and adopt his opinion as our own. The law of Ohio seems to be well established that the claims for services performed by executives of a corporation or by physicians or attorneys are not claims for "work", but in the case at bar the record discloses that the plaintiff was in the employ of the defendant and that he performed services in his behalf as an artisan in the production of wealth and that his exertions were primarily physical and not mental.

The appellant contends also that the plaintiff did not sustain the burden of proof to maintain the averments in the affidavit in that no counter affidavits were filed. It should

be noted, however, that the plaintiff testified under oath at the hearing, which would-be as effective as the filing of an affidavit. We think the trial court properly found that the plaintiff sustained the allgations contained in the affidavit by the proper degree of proof.

We find no error in the record and the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION FOR REHEARING.

Decided January 14, 1948.

By THE COURT:

This is an application for a rehearing, and if the same is denied, for a certification to the Supreme Court as being in conflict with the 8th District Court of Appeals of Cuyahoga County, Ohio, in the cases of **Gagliardi v Pirrone, 7 Abs 219,** and **Fiderius v Buchen Company, 2 Abs 501** and the 9th District Court of Appeals in the case of **Northern Ohio Printing Company v Investment Service, Inc. 8 Abs 475.** We have again examined these cases and are of the opinion that the facts are distinguishable from those in the case at bar. We find no conflict in the controlling legal principles. The application is denied in its entirety.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.