### KREIDER et, Plaintiffs-Apellants, v. CARSON, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3287. Decided May 6, 1949.

Harrington, Huxley & Smith, Youngstown, for plaintiffs-appellants.

Falls, Hazel & Kerr, Youngstown, for defendant-appellee.

**OPINION**

By PHILLIPS, PJ.

Appellants Louis S. Kreider and Louis B. Kreider, licensed realtors and partners doing business as Kreider Company, appeal to us on questions of law. Such appeal is from a judgment of the court of common pleas discharging an attachment, affidavit for which they filed in the court of common pleas simultaneously with their petition filed in their action to recover commission on the alleged sale of defendant's property, and releasing the garnishee from all liability in the case we review, on the ground that the "work and labor," reference to which is made in plaintiffs' amended affidavit for attachment and §11819 GC, "must be personal to the laborer and that the plaintiffs are in the position of employers," and finding for defendant "as to all grounds urged by the plaintiffs as a basis for attachment before judgment." Such affidavit reads in part as follows:—

"* * * is about to remove his property or a part thereof out of the county with intent to defraud his creditors; that said defendant is about to convert his property or part thereof into money for the purpose of placing it beyond the reach of his creditors; that said defendant is about to assign, remove and dispose of his property or part thereof with intent to defraud his creditors."

The order of the trial judge, from which appellants appealed, was entered after hearing had on "the defendant's motion to discharge the attachment herein," on the defendant's motions (to the affidavit and amended affidavit), plaintiffs' original affidavit, plaintiffs' affidavit as amended, defendant's affidavits (that the allegations in plaintiffs' affidavits for attachment are untrue and such attachment was obtained wrongfully, and to strike them from the record) the evidence, arguments of counsel and briefs.

The evidence, which the trial judge considered, discloses that salesman Rickert, an employee of appellants, negotiated with defendant concerning and showed real estate belonging to him and attempted to sell it to a purchaser, to whom defendant subsequently sold it without paying plaintiffs their claimed commission on such sale; that defendant held title to no property situated in Mahoning County at such time, and "a number of months prior" to the sale of the property on which plaintiffs claim commission deeded other real estate situated in Mahoning County to Carson Brothers Plumbing and

Heating Corporation, a partnership operated by defendant and two brothers as a corporation; and subsequent to the sale of the real estate in question in the case we review joined with his wife in a deed of his residence situated in Youngstown, Ohio, title to which was and had for ten years been held in her name. Counsel for plaintiff argue such act "was an indication to the plaintiffs that either the defendant was preparing to leave the city of Youngstown in an effort to avoid the payment of the real estate commission, or that he was getting all of his property out of the name of either himself or his wife in an effort to prevent the plaintiffs from being able to reach any of it to satisfy any judgment that they might receive for their commission," and "that he intended to defraud the plaintiffs of their commission."

As stated· by plaintiffs' counsel by brief:—

"At the hearing before the common pleas court the plaintiffs attempted to question Mr. Carson concerning his negotiations with the plaintiffs in an effort to show the whole background of the case, all of which would tend to indicate an intent on the part of the defendant to avoid the payment of the real estate commission. The court refused to permit the plaintiffs from going into this in their cross examination of the defendant, stating that this was going into the merits of the case and did not relate to the attachment."

By assignments of error plaintiffs contend that the trial judge erred to their prejudice "in the admission and rejection of evidence," and that "the judgment of the court is against the manifest weight of the evidence" and "is contrary to law."

By brief counsel for appellants say that their appeal "presents two questions—first, are the efforts of the real estate agent considered as work within the meaning of §11819 GC, and second, is this something which is personal to the person who performs the effort," and we will endeavor to answer these questions.

Without a detailed recitation of the evidence, the admission and rejection of which the trial judge allowed and refused, we concur in his ruling that such evidence went to the merits of the case we review and did not relate to the attachment; and that he did not err to the prejudice of the plaintiffs in the admission and rejection of evidence as urged by their counsel.

As applicable §11819 GC, provides:—

"In a civil action for the recovery of money, at or after its commencement, the plaintiff may have an attachment against the property of the defendant upon any one of the grounds herein stated:

'"* * * 11. That the claim is for work or labor, or for necessaries."

We have considered a long list of cases cited to us by counsel for the respective parties in our endeavor to answer correctly the claimed first question presented for our consideration and determination, and arrive at the conclusion that the services rendered by salesman Rickert, an employee of appellants, real estate brokers, were professional services rendered by one dealing with the public in a confidential relationship such as lawyers, physicians, accountants, and other professional men deal with the public, whose services are distinguished from the services of those whose exertions are primarily physical (See **Henry v. Mangold, 50 Abs 510**), and not included in the definition of work and labor as used in §11819 GC. See **Republic Tool & Manufacturing Company v. Lenarz, 17 Oh Ap 500; Fiderius v. Buchan Company, 2 Abs 501; Dorris v. High Grove Park Land Co., 1 Abs 167; Northern Ohio Printing Co. v. Investment Service Inc., 8 Abs 475.**

Liberally construing this section of the General Code in plaintiffs' favor, as we must, considering the evidence with reference to what plaintiffs' employee did in the attempted sale of defendant's real estate, interpreting as best we can the court accepted definitions of "work," "labor," and "work and labor," and reading the intention of the legislature in the use of those words as we do, we conclude that the trial judge did not err to plaintiffs' prejudice in discharging the attachment in the case we review, by holding plaintiffs did not sustain the burden of proof of an actual intent to defraud plaintiffs, by holding that the work and labor, to which reference is made in §11819 GC, is personal to salesman Rickert, the person performing it, and does not inure to the benefit of his employers, the appellants therein; and this notwithstanding the provisions of §8310 GC, "commonly known as the Mechanics Lien Law," which counsel for plaintiffs urge also is applicable in the case we review. See **Ross Construction Co. v. Clements Orr Company, 12 Abs 710.**

Attachment is an extra ordinary remedy which cannot be asserted unless the intention to defraud appears, "and the creditor must bring his case within the letter of the law" to get the strong arm of the court to take from the debtor his property before judgment, which in our opinion does not appear in the case we review. In this case we cannot, and

accordingly will not, reverse the judgment of the trial court unless its judgment was clearly erroneous, at which conclusion we cannot arrive.

The judgment of the court of common pleas is affirmed, as it is obvious from what we have said that in our opinion such judgment is not against the manifest weight of the evidence nor contrary to law.

NICHOLS, J, BUCKLEY, J, concur in judgment.